`          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD

KATHALEENA L. KAUFMAN,

    Plaintiff,

v.                                  CIVIL ACTION NO. 1:17-01901

FEDERAL PRISON CAMP, MEDICAL,
et al.,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

      By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  On December 15, 2017, Magistrate Judge Aboulhosn submitted to the court his Findings and Recommendation ("PF&R") in which he recommended that court grant the United States' motion to dismiss defendant Natalie Wright, D.O. and substitute the United States; grant the United States' motion to dismiss; grant defendant Wright's motion to dismiss, or in the alternative, motion for summary judgment; deny plaintiff's motion for return of filing fee; and remove this matter from the court's docket.

      In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file

such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

Plaintiff timely filed objections to the PF&R. The court has conducted a <u>de novo</u> review of those objections.

## I.  Factual and Procedural Background

On March 16, 2017, Kathaleena L. Kaufman, an inmate at Alderson Federal Prison Camp, filed her Complaint in this matter alleging claims under the Federal Tort Claims Act ("FTCA") and <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 395-97 (1971). The instant lawsuit names Federal Prison Camp, Medical and Dr. Natalie Wright as defendants. Kaufman alleges that, during her confinement at FPC Alderson, she was subjected to cruel and unusual punishment in that defendants acted with deliberate indifference concerning her medical care and overall well-being. Specifically, she contends that defendants have denied her medically necessary ankle braces and shoes; that Dr. Wright prescribed a medication which has caused her to have permanent vision problems; that she has been denied a van pass even though she has trouble walking; and that defendants have falsified her medical records in an attempt to conceal her inadequate medical treatment.

As to Kaufman's FTCA claims, Magistrate Judge Aboulhosn recommended that the court grant the United States' motion to

dismiss Natalie Wright as a defendant and substitute the United States as defendant. He then went on to recommend dismissal of the FTCA claim in its entirety because: 1) her claim for loss of property was not cognizable under the FTCA; 2) the FTCA does not authorize relief beyond monetary damages; and 3) any medical negligence claims were subject to dismissal for failure to satisfy the requirements of the West Virginia Medical Professional Liability Act ("MPLA"). With respect to plaintiff's <u>Bivens</u> claims, Magistrate Judge Abhoulhosn recommended dismissal of all claims for failure to exhaust except for the claim that Dr. Wright was deliberately indifferent in providing treatment for plaintiff's alleged leg length disparity. As to that claim, the magistrate judge recommended that it be dismissed because there was no evidence to support a claim for deliberate indifference arising out of the medical treatment she received for that ailment. Finally, Magistrate Judge Aboulhosn recommended that the court deny plaintiff's motion for return of her filing fee.

## II. Discussion

Kaufman's objections fail to address the deficiencies noted in the PF&R. Therefore, to the extent that her objections are nonspecific and conclusory, they are **OVERRULED**. With respect to her specific objections, the court can discern only two and addresses them below.

A.  *Return of Filing Fee*

According to plaintiff, "I requested the filing fee of 350.00 be returned, because Stephen Horn has become the leading attorney who represents the Federal Prison Camp, myself believed that I should have been notified of this, for I was unaware of this[.]  I had been lead to believe that after the 350.00 filing fee was paid, I would be assigned an attorney other than Stephen Horn."  ECF No. 38 at p.1.  Assistant United States Attorney Stephen M. Horn appeared as counsel of record for defendants United States of America and Federal Prison Camp, Medical.  There is nothing in the record to suggest that plaintiff was misled into believing that AUSA Horn was acting on her behalf or that she would be assigned an attorney by paying her filing fee.  Based on the foregoing, she has not shown entitlement to the return of her filing fee and her objection thereto is **OVERRULED**.

B.  *Dismissal of Dr. Natalie Wright*

Plaintiff's primary objection is to the dismissal of defendant Wright.  She maintains: "I do not wish to replace or substitute United States for Natalie Wright[.] I was here under [h]er care for over 18 months before any type of medical shoes were issued, . . . The United States is not the one who denied me Van Pass, shoes, Braces, etc. [sic]."  See id. at p. 2.

1. <u>Westfall Certification</u>

The United States Attorney has certified that defendant Wright was acting within the scope of her employment at the time of the events complained of herein. "When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act) empowers the Attorney General to certify that the employee `was acting within the scope of his office or employment at the time of the incident out of which the claim arose. . . .'" <u>Guiterrez de Martinez v. Lamagno</u>, 515 U.S. 417, 419-20 (1995) (quoting 28 U.S.C. § 2679(d)(1)). Upon certification, the district court is to dismiss the employee from the action and the United States is substituted as a defendant. See <u>id.</u> at 420; 28 U.S.C. § 2679(d)(1). Pursuant to 28 C.F.R. § 15.3(a), the United States Attorneys are authorized to issue these certifications on behalf of the Attorney General. <u>Guiterrez de Martinez v. Drug Enforcement Admin.</u>, 111 F.3d 1148, 1152 (4th Cir. 1997). Once the United States is substituted as the proper party, the relevant claims are then governed by the Federal Torts Claims Act. See <u>Osborn v. Haley</u>, 549 U.S. 225, 230 (2007).

The Westfall certification is conclusive unless challenged. <u>Guiterrez de Martinez</u>, 111 F.3d at 1153. "When the certification is challenged, it serves as prima facie evidence and shifts the burden to the plaintiff to prove, by a preponderance of the

5

evidence, that the defendant federal employee was acting outside the scope of his employment." Id. To satisfy this burden, a plaintiff must come forward with either "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision not mere conclusory allegations and speculation." Id. at 1155.

Only if a plaintiff comes forward with sufficient evidence to satisfy his or her burden of proof does the burden shift back to the United States to come forward with evidence supporting its certification. See id. Once that happens, if necessary, a district court may permit limited discovery on the scope of employment issue. See id. "Only if the district court concludes that there is a genuine question of fact material to the scope-of-employment issue should the federal employee be burdened with discovery and an evidentiary hearing." Id.

Given that the United States has certified that defendant Wright was acting within the scope of her employment at the time of the incidents alleged in the Complaint, plaintiff must come forward with evidence, or a forecast of specific evidence, that Wright was not acting within the scope of her employment at the time of the incidents giving rise to her tort claims. The court finds that she has not. For these reasons, plaintiff's objection to the dismissal

of Wright and substitution of the United States with respect to the FTCA claims is **OVERRULED**.*

2. <u>Bivens Claim</u>

To the extent that plaintiff objects to the dismissal of her <u>Bivens</u> claim against Dr. Wright, that objection is also **OVERRULED**. Prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if they can show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976). Deliberate indifference is a "very high standard - a showing of mere negligence will not meet it." <u>Grayson v. Peed</u>, 195 F.3d 692, 695 (4th Cir. 1999). "To hold that injury caused by [mere negligence] is a deprivation within the meaning of the Eighth Amendment would trivialize the concept of cruel and unusual punishment." <u>Tomasso v. Federal Bureau of Prisons</u>, Civ. A. No. 93-5426, 1994 WL 723632, *4 (D.N.J. Dec. 30, 1994). Magistrate Judge Aboulhosn summarized the medical treatment plaintiff received and the court agrees that Dr. Wright's actions did not rise to the level of deliberate indifference to serious medical needs.

### III. Conclusion

Having reviewed the Findings and Recommendation filed by Magistrate Judge Aboulhosn, the court adopts the findings and

---

* The court also agrees that the FTCA claims against the United States are subject to dismissal for the reasons stated in the PF&R.

recommendations contained therein.  Accordingly, the court hereby **GRANTS** the United States' motion to dismiss defendant Natalie Wright, D.O. and substitute the United States; **GRANTS** the United States' motion to dismiss; **GRANTS** defendant Wright's motion to dismiss, or in the alternative, motion for summary judgment; **DENIES** plaintiff's motion for return of filing fee; and directs the Clerk to remove this matter from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 27th day of February, 2018.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge